#6206607

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY FLOURNOY | ) | |
|     Plaintiff | ) | NO. 17 CV 7994 |
| | ) | |
| vs. | ) | Jury Demand |
| | ) | |
| SALEH OBAISI, MD | ) | |
| WEXFORD HEALTH SOURCES, INC. , | ) | |
| RANDY PFISTER, NICOLAS LAMB, | ) | |
| TARRY WILLIAM, | ) | |
| And MICHAEL LEMKE | ) | |

**COMPLAINT FOR CIVIL RIGHTS VIOLATIONS,**
**MEDICAL MALPRACICE, TORT CLAIMS, AND DAMAGES**

   **NOW COMES** plaintiff, JOHNNY FLOURNOY, by and through her attorney, Michael A. Jarard of the Jarard Law Group, LLC., complaining of defendants, WEXFORD HEALTH SOURCES, INC., RANDY PFISTER, TARRY WILLIAM, MICHAEL LEMKE, SALEH OBAISI and NICOLAS LAMB for violation of civil rights under 42 U.S.C§1983, for medical malpractice, negligence, gross negligence, and recklessness under state tort law. Plaintiff states as follows:

**JURISDICTON AND VENUE**

1. This court has jurisdiction over this action under 28 U.S.C. §1983, and 28 U.S.C. §1343, 1331 and 1345, with pendent jurisdiction over the state law claims.

2. Venue is proper in this District as Defendants are all residents of Illinois and all of the acts complained of occurred in Illinois. Plaintiff's cause of action arose in Illinois in the counties of Will (Northern District of Illinois) and Lawrence.

**PARTIES**

3. Plaintiff, Johnny Flournoy ("Flournoy" or "Plaintiff") was at all relevant times a resident and citizen of the state of Illinois. Flournoy is, as of the filling of this Compliant, an inmate at Lawrence Correctional Center ("Lawrence"), a prison maintained by the Illinois Department of Corrections. Flournoy was an inmate at Stateville Correctional Center ("Stateville"), a prison maintained by the Illinois Department of Corrections from 2005 to November 4, 2016.

4. Defendant, Wexford Health Sources, Inc. ("Wexford") is a Florida corporation registered to conduct business in Illinois. Wexford is the contractor for the State of Illinois providing medical care to inmates at Illinois correctional institutions, including at all times relevant Lawrence Correctional Center and Stateville Correctional Center,

5. Defendant, Randy Pfister was at all relevant times the Warden of Stateville.

6. Defendant, Tarry William was at all relevant times a warden/administrator of Stateville.

7. Defendant, Michael Lemke was at all relevant times a warden/administrator of Stateville.

8. Defendant, Saleh Obaisi, MD was at all relevant times the medical director of Stateville and was responsible for providing medical care and treatment to Plaintiff during his detention at Stateville.

9. Defendant, Nicholas Lamb was at all relevant times the Warden at Lawrence.

10. The individual Defendants are sued in their individual capacities.

11. At all times material to this Compliant, the Defendants acted under color of state law and within the scope of their duties and employment.

## FACTUAL BACKGROUND

12. From March 2005 to November 4, 2016, Flournoy had been incarcerated at Stateville.

13. From November 4, 2016 to date, Flournoy has been incarcerated at Lawrence.

14. From 2007 to July 2015, Flournoy has undergone 5 surgeries on his left and right eyes at University of Illinois at Chicago Medical Center ("UIC") to treat glaucoma.

15. As a result of Flournoy's medical condition, UIC prescribed Flournoy prescription medications pills and eye drops.

16. Flournoy's prescription eye drops were to be taken daily to prevent going blind.

17. Defendants have failed to supply Flournoy with daily eye drops since 2012.

18. As a result of Flournoy's lack of receiving prescribed medication, Flournoy is going blind at a rapid rate, and is experiencing extreme pain and pressure.

19. Since 2007, Flournoy has made several complaints and grievances to prison officials, Wexford, and other state officials about his medical treatment at both Stateville and Lawrence.

20. On July 13, 2015, Flournoy underwent his most recent surgery at UIC, inserting a tube and plate into his right eye.

21. On information and belief, said surgery was experimental and only necessary because Flournoy had not been receiving the prescribed eye drops over the years while at Stateville.

22. UIC ordered Flournoy to return for several follow-up appointments, which never took place because Defendants refused to take him.

23. Defendants are aware that if Flournoy does not receive his prescribed eye drops daily, Flournoy will go blind.

24. Flournoy filed emergency grievances, complaining of lack of prescription eye drops, with the acting wardens and/or officials at Stateville on or about the following dates: October 31, 2012, August 2, 2012, June 9, 2013, November 5, 2013, February 4, 2014, September 28, 2014, February 8, 2015, February 22, 2015, May 13, 2015, May 17, 2015, June 4, 2015, July 20, 2015, Jan. 28, 2016, February 26, 2016, and other dates.

25. Flournoy filed emergency grievances, complaining of lack of prescription eye drops, with the acting wardens and/or officials at Lawrence on or about the following dates: June 22, 2017, July 2, 2017 and other dates.

26. That while incarcerated at Stateville, Flournoy was place on a medical hold to facilitate his adequate treatment.

27. On information and belief, Defendant, Dr. Obaisi removed said medical hold and caused Flournoy to be transferred to Lawrence.

28. Flournoy was denied his prescriptions and prescribed medical treatments on an ongoing basis at Stateville from 2007 to November 4, 2016.

29. Flournoy was denied his prescriptions and prescribed medical treatments on an ongoing basis at Lawrence from November 4, 2016 to date.

30. Upon transfer, Flournoy went over a month and 12 days without his prescribed eye drops.

31. On or about June 22, 2017, Flournoy filed a grievance with the warden at Lawrence complaining of not receiving his 4 glaucoma prescriptions to wit: Brimonidine, Dorzolamide, Latanoprost, and Timolol.

32. From May to August 2017, Flournoy did not receive his prescriptions.

33. Lawrence's warden, Nicolas Lamb opined it was not a medical emergency despite medical staff's contrary opinion.

34. All Defendants were responsible for the safety and health welfare of Plaintiff.

35. Upon information and belief, Saleh Obaisi was a doctor (medical director) with Wexford at Stateville, and was responsible for Plaintiff's medical care.

36. During this time, Flournoy's treating physicians and staff at UIC became very concerned at Stateville, Lawrence, and Wexford's indifference to and neglect of Flournoy's condition.

37. Medical staff at UIC repeatedly called the warden and others at Stateville and Lawrence to express concern over the number of appointments and prescriptions Flournoy had missed. Stateville, Lawrence, and Wexford were advised by UIC personnel of the critical nature of these appointments to Flournoy's eyesight and that the failure of continuing his regular treatments and daily eyedrops would cause Flournoy to go blind.

38. During this period, Flournoy repeatedly made desperate pleas to Stateville, Lawrence, and Wexford personnel for assistance in obtaining his critically important medical treatment and prescriptions.

39. At times Wexford would intentionally supply Flournoy with eye drops other than those specifically prescribed by UIC and/or fill only some of his prescriptions..

40. On information and belief, Wexford routinely supplied, as a practice and policy, Flournoy with alternative medicines to cut costs.

41. As a policy and practice, Wexford does not allow its physicians to give any information of follow up and/or specific plans of care.

42. As a policy and practice, Wexford gave Plaintiff only part of his prescribed medications.

43. On information and belief, Wexford's actions were in retaliation to Flournoy's previous suit regarding his medical treatment while incarcerated at Stateville.

44. The prison medical system, run by Wexford, refused to discharge its responsibilities in a reasonable and competent manner.

45. Upon information and belief, Dr. Saleh Obaisi oversaw all medical activities of Wexford at Stateville.

46. Wexford denied Flournoy his medicine prescribed by UIC.

47. Wexford denied follow up treatment from Flournoy's surgery of July 2015.

48. Flournoy's condition has been severely aggravated due to the actions and omissions of the Defendants causing blindness in both eyes.

49. Flournoy has suffered severe and repeated physical and mental pain and suffering due to the actions and omissions of Defendants.

50. Flournoy's quality of life has been significantly shortened in addition to his unnecessary pain and suffering due to the actions and omissions of the Defendants.

51. Wexford failed to properly provide and/or refused to provide medical services and prescriptions to Flournoy.

52. All Defendants were grossly negligent, maliciously and deliberately indifferent in providing medical services to Flournoy.

53. Wardens/officals, Nicolas Lamb, Tarry William, Michael Lemke, and Randy Pfister are responsible for the welfare and administration of grievances by the inmates at their facilities.

54. Defendant, wardens/officials had the ability and duty to resolved Flournoy's lack of adequate medical treatment and prescriptions.

### COUNT I – INJUNCTIVE RELLIEF AGAINST DEFENDANTS, WEXFORD and RANDY PFISTER

55. Plaintiff incorporates paragraph 1 through 54 as though fully set forth herein in this paragraph 55.

56. If Defendants, Wexford and Randy Pfister are allowed to continue to deny Flournoy medical treatment and his prescriptions with respect to his eye condition, Flournoy will be subject to irreparable injury for which no adequate remedy at law exists.

57. Flournoy will continue to suffer great pain and pressure on his eyes and go blind if Defendants are allowed to continue to deny Flournoy medical treatment for his eyes.

WHEREFORE, Plaintiff, Johnny Flournoy prays that this Honorable Court to issue a Temporary Restraining Order and/or Preliminary Injunction restraining Defendants from withholding proper medical treatment, including prescribed eye drops and follow up appointments at UIC, and grant such further relief that this Court deems just.

## COUNT II – VIOLATION OF 42 U.S.C.A. § 1983 AGAINST WEXFORD

58. Plaintiff incorporates paragraph 1 through 57 as though fully set forth herein in this paragraph 58.

59. This action is for damages pursuant to 42 U.S.C. § 1983.

60. The Eight and Fourteenth Amendments prohibit cruel and unusual punishment against prisoners. This restriction encompasses a duty to provide necessary medical care to prisoners.

61. Upon information and belief, Defendants, operating under the color of state law, violated Flournoy's civil rights by showing deliberate indifference to Flournoy's health and medical needs while Flournoy is incarcerated.

62. Before and during the incidents from the basis of Plaintiff's Complaint, the Defendants knew of Plaintiff's serious medical condition and they were informed that Plaintiff's medical needs were of the most serious and obvious kind.

63. As set forth above, Defendant Wexford maintained a custom, practice and policy of indifference to the rights of Plaintiff and other Stateville and Lawrence inmates to provide adequate medical treatment and affirmatively and proximately caused Plaintiff constitutional injury.

64. Wexford's actions of repeatedly failing to fill and provide to Flournoy all his prescriptions over a period of 10 years are by custom and policy.

65. Said policy and custom has accelerated Flournoy's condition and caused severe pain and loss of vision in both eyes.

66. Defendant Wexford's acts were intentional, malicious, sadistic, willful, wanton, obdurate, and in a gross reckless disregard of Plaintiff's constitutional rights.

67. Defendant Wexford's actions and omissions as set forth above proximately caused Plaintiff damages and injuries as set forth above, including but not limited to pain and suffering, severe psychological and emotional distress, loss of chance of greater lifespan, and loss of chance of higher quality of life.

WHEREFORE, Plaintiff asks for compensatory and punitive damages against the Defendant, together with an award of reasonable attorney's fees and costs.

## COUNT III – VIOLATION OF 42 U.S.C.A. § 1983
## AGAINST INDIVIDUAL DEFENDANTS

68. Plaintiff incorporates paragraphs 1 through 67 as though fully set against herein in this paragraph 68.

69. The Eighth and Fourteenth Amendments prohibit cruel and unusual punishment against prisoners. This restriction encompasses a constitutional duty to provide necessary medical care to prisoners.

70. Defendants Saleh Obaisi, Nicolas Lamb, Tarry William, Michael Lemke, and Randy Pfister as set forth above violated Plaintiff's rights under the Eighth Amendment to the United States constitution to be free from cruel and unusual punishment.

71. The acts of the above named defendants were intentional, malicious, sadistic, willful, wanton, obdurate and in gross and in reckless disregard of Plaintiff's constitutional rights.

72. Further, Plaintiff's medical needs were of the most serious and obvious kind.

73. Upon information and belief, Defendants, operating under the color of state law, violated Flournoy's civil rights by showing deliberate indifference to Flournoy's health and medical needs while Flournoy is incarcerated.

74. The above-named Defendants deliberately and consciously ignored Plaintiff's serious medical needs by failing to transport him follow up appointments with UIC and failind to provide Flournoy with his prescriptions, thereby causing harm to plaintiff's health and welfare.

75. The individual Defendant's acts proximately caused Plaintiff's damages and injuries. These damages include, past and future pain and suffering, past and future psychological and emotional distress, loss of chance of longer life, and loss of vision.

## COUNT IV: MEDICAL MALPRACTICE CLAIM AGAINST SALEH OBASAI AND WEXFORD

76. Plaintiff incorporates paragraphs 1 through 75 as though fully set forth herein in this paragraph 76.

77. In treating Plaintiff, Defendants Saleh Obasai and Wexford had a duty to possess and apply knowledge, skill and care conforming with proper standards of medical practice recognized in the community and under the circumstances in question.

78. Defendants breached these duties as set forth above.

79. Defendants' actions and omissions as set forth above proximately caused Plaintiff damages and injuries as set forth above, including but not limited to, past and future physical injury, past and future psychological and emotional distress.

80. Plaintiff is entitled to recover from these Defendants in that Defendants Saleh Obasai and Wexford did not exercise that degree of skill and care that a reasonably careful and well-qualified physician possesses and exercises under the same and/or similar circumstances toward plaintiff.

81. As a direct and proximate result of the foregoing careless and negligent acts and/or omissions of the Defendants, Wexford and Saleh Obasai, Flournoy was severely and permanently injured in that he experienced extreme pain, pressure to the eyes, lost vision, and he suffered prolong periods of physical and mental pain and suffering.

WHEREFORE, Plaintiff request compensatory damages and punitive damages against Defendants, with costs associated therewith.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all counts so triable.

I, Michael A Jarard, of Chicago, Illinois, County of Cook, attorney for the Plaintiff in the above-entitled action, being first duly sworn, say that I am authorized to file the above Complaint on behalf of the plaintiff; that I have read the Complaint and know its contents; that the statements contained in it are true and correct to the best of my knowledge, information, and belief; and that the Complaint is not interposed for delay or other improper purpose.

/S/ MICHAEL A JARARD
Michael A. Jarard

Jarard Law Group LLC.
150 N. Michigan Ave.
Suite 2800
Chicago, Illinois 60601
312-216-5196
MAJarard@JarardTrialLawyers.com