#6294353

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY FLOURNOY | ) | |
|      Plaintiff | ) | NO.  17 CV 7994 |
| | ) | |
| vs. | ) | Judge Manish S. Shah |
| | ) | |
| SALEH OBAISI, MD | ) | |
| WEXFORD HEALTH SOURCES, INC. , | ) | |
| RANDY PFISTER, NICOLAS LAMB, | ) | |
| TARRY WILLIAM, | ) | |
| And MICHAEL LEMKE | ) | |

**PLAINTIFF'S EXPERT WITNESS REPORT OF NEIL L. WATKINS, M.D.**

1

**TABLE OF CONTENTS**

A.  QUALIFICATIONS AND RESUME…………………………………….3

B.  STATEMENT OF COMPENSATION…………………………………..4

C.  HISTORY OF PRIOR CASES………………………………………...6

D.  STATEMENT OF OPINIONS………………………………………...6

E.  FACTS CONSIDERED……………………………………………6

F.  SIGNATURE PAGE…………………………………………………10

G.  EXHIBITS……………………………………………………….11

**QUALIFICATIONS AND RESUME**

I have been a board certified ophthalmologist since 1992, licensed and practicing in Northwest Indiana at 20/20 Eye Specialists for the past 25 years. My practice consists of 25-30% of the treatment of glaucoma. I graduated from Weil Cornell Medical School in New York, NY. I obtained my BA degree from Cornell University in Ithaca, NY. I completed my internship at Colombia University, Harlem Medical in NY City. I completed my ophthalmology residency at King-Drew Medical Center, Los Angeles, CA in 1991. I have also worked in various hospital emergency rooms for over 10 years. Throughout my practice I have made the following presentations and publications:

Watkins, N.L., et.al (1998, August) Demographic and clinical Characteristics of patients and diabetes presenting to an urban Public hospital ophthalmology clinic. Ophthalmology, 105-8, 1373-1379.

Watkins, N.L., et.al. (1991), April 23) Delayed diagnosis of diabetic retinopathy in Black and Hispanic patients with diabetes mellitus. Ophthalmology, 4, 156-158.

Association for Research in Vision and Ophthalmology 1987 Presentation: Delayed Diagnosis of Diabetic Retinopathy in Black and Hispanic Patients Diabetes Mellitus.

## Neil L. Watkins, M.D.
2318 W 5TH Ave
Gary, IN 46404
(219) 885-0116

| | | |
|---|---|---|
| **Date of Birth:** | January 28, 1960 | |
| **Place of Birth:** | Queens, New York | |
| **Citizenship:** | United States | |

**Education:**

| | | |
|---|---|---|
| Cornell Medical College | New York, NY | 9/82-6/86 |
| Cornell University | New York, NY | 9/78-9/82 |

**Residency:**

King-Drew Center     Los Angeles, CA     9/88-6/91
Resident in Ophthalmology (chief resident 3rd year)

**Internship:**

Columbia-Presbyterian/Harlem Medical Center
                    New York, NY     9/86-6/87

**Board Certification:**     American Board of Ophthalmology     since 10/92

**Practice:**

| | | |
|---|---|---|
| 20/20 Eye Specialists | Private Practitioner | 1993 - Present |

2318 W 5th Avenue Gary, IN
8518 Broadway     Merrillville, IN

| | | |
|---|---|---|
| Dawson Medical Corp. | Gary, IN | 1991 - 1992 |
| Methodist ER | Gary, IN | 1992 - 1997 |
| L.A. Doctors Hospital ER Los Angeles, CA | | 1987 - 1991 |

**Medical Licensure:**

State of Indiana               01039743

**Hospital Affiliations:**

The Methodist Hospitals                    1991 - Present

**Medical Affiliations:**

| | |
|---|---|
| American Academy of Ophthalmology | 1992 |
| National Medical Assoc. of NW Indiana | 1990 |

(President 1999-2000)

**Publications and Presentations:**

Watkins, N.L., et.al (1998, August) Demographic and clinical Characteristics of patients and diabetes presenting to an urban Public hospital ophthalmology clinic. Ophthalmology, 105-8, 1373-1379.

Watkins, N.L., et.al. (1991), April 23) Delayed diagnosis of diabetic retinopathy in Black and Hispanic patients with diabetes mellitus. Ophthalmology, 44 156-158.

Association for Research in Vision and Ophthalmology      1987
Presentation: Delayed Diagnosis of Diabetic Retinopathy in Black
and Hispanic Patients Diabetes Mellitus.

## STATEMENT OF COMPENSATION

I, Neil L. Watkins, M.D. have been retained by Plaintiff, through his counsel, Michael Jarard of the Jarard Law Group LLC. as expert witness in case no. 17 CV 7994. The retainer fee for my services are $1500.00 which I feel is reasonable as to cost and the amount of time I am expected to provide service through trial.

## HISTORY OF PRIOR CASES

Within the previous 4 years I, Neil L. Watkins, M.D. have not testified as an expert at trial or by deposition.

6

### STATEMENT OF OPINIONS and FACTS CONSIDERED

Based on my education, training and experience, I have developed opinions to a reasonable degree of medical certainty regarding the care and treatment of Mr. Flournoy.

The documents reviewed in for my written opinions below include: Complaint, Medical Records of surgery from the University of Illinois at Chicago Department of Ophthalmology , Grievance Requests from the Plaintiff, medical assistant and R/N notes from Stateville and Lawrence Correctional, Plaintiff's disclosures Bates Stamped Flournoy 1-264, (Bates stamped Flournoy 249 to 264 has been attached as exhibits to this report), Effingham Ophthalmology records bates stamped WEX 1-11, Plaintiff's calendars of notes describing lack of meds.

**There was little too no medical treatment outside of his ocular surgeries of the kind required in order to minimize and prevent glaucoma from causing blindness. Such treatment was not given by Dr. Obaisi or Wexford.**

Glaucoma is known as the "thief of sight" due to lack of early symptoms.  There is no change in a patient's visual acuity and no pain or discomfort.  The patient without ophthalmic examination will not notice anything until he or she is nearly legally blind or near it.  Thus, treatment and monitoring are essential if visual field loss is to be prevented an or minimized.  Mr. Flournoy has now developed irreversible loss of sight. After reviewing the medical records. I, however, reserve the right to modify and supplement my opinions as I receive additional information. I am familiar with the standard of care in the field of ophthalmology diseases and cares.

All of my opinions are to a reasonable degree of medical certainty unless otherwise indicated. I am also aware of appropriate standards of the medical and surgical modalities

7

available for the treatment of glaucoma. Leaving any type of glaucoma untreated will result in permanent vision loss as it appears was done by Wexford and its agents. Glaucoma is a progressive disease where there is usually an elevated intraocular pressure CIOP) within the eye. That elevated IOP leads to optic nerve damage. When the optic nerve is damaged enough, it leads to permanent vision loss. Glaucoma can be controlled but never cured. Once diagnosed, there are many treatment modalities aimed at trying to control the disease of glaucoma. All treatments are aimed at lowering intraocular pressure to prevent further optic nerve damage and subsequent vision loss. These modalities to lower IOP include medical, laser and surgical options. Neither Wexford or Dr. Obaisi seen to any of these treatments. It is evident that neither Lawrence's or Stateville's wardens monitored his health even though he filed very many grievances to them. Again, if left untreated, there will be advancement of the disease and ultimately permanent vision loss.

Mr. Flournoy, On July 13, 2015, had a medical device implanted in his eye to treat long standing primary open angel glaucoma. This device requires follow up procedure to remove the ligation suture in order for the device to function properly. This apparently was not done or ordered by Dr. Obasi and Wexford. Despite repeated attempts and formal request by Mr. Flournoy to all Defendants to acquire his medical care and sight preserving glaucoma eye medications, no treatment was rendered. This is nowhere near the standard of care for such a devastating and insidiously blinding disease. Glaucoma causes "tunnel" vision and until the "tunnel" becomes "keyhole" size the victim has no visual symptoms. Mr. Flournoy's medical hold was evidently released by Wexford or its agents namely, Dr. Obasi. The release from his hold appears to have triggered a transfer by IDOC employees to Lawrence. The records and notes of medical staff at Lawrence reviews that it does not

8

have the staffing to take care of Mr. Flournoy's follow-up treatment. There are no ophthalmologist or optometrist from the records I reviewed. See attached Exhibits.

The removal of Plaintiff's medical hold by Wexford through its medical director, Dr. Obaisi. caused Plaintiff to receive no treatment or treatment below the standard of care. An Ophthalmologist or an Optometrist are required for monitoring the patient with access to diagnostic testing in the form of visual field testing etc. at a minimum are needed to check for progressive damage to the optic nerve.

**Failure to maintain treatment of 4 prescription eyedrops is below the standard of care and can accelerate blindness.**

All prescribed drops are needed to reach the target eye pressure determined by the Ophthalmologist that will most likely prevent further damage to the optic nerve. Anything less will lead to progressive damage. Timolol and Dorzolamide decrease aqueous production "turn down the faucet". Latanoprost opens the "built in accessory" drain. Brimonidine also decreases aqueous flow and mainly increase flow out of the eye. Without drops the aequous flow backs up and the eye pressure rises due to a defective Trabecular mesh work ("the eyes main drainage structure"). No medical drops and no monitoring especially will definitely lead to loss of visual field from irreversible optic nerve damage and eventually total blindness.

In summary, to a reasonable degree of medical certainty, it is my opinion that Mr. Flournoy's lack of medical treatment of his glaucoma because of a delay in his referral to the University of Illinois for post-op treatment, release of medical hold and the continuous lack of monitoring and prescribing glaucoma eye drops is beyond gross negligence bordering of malice. If called to testify, I will attest to the same.

9

## SIGNATURE PAGE

**Respectfully Submitted By:**

_Neil L. Watkins_

_____

Neil L. Watkins, M.D.

**Neil L. Watkins, M.D.**
**2318 W. 5th Ave.**
**Gary, In. 46404**
**219-885-0116**

# EXHIBITS